**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

DANIEL D'ANGELO,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

    Plaintiff,

v.

HUNTER BUSINESS SCHOOL, INC. and JAY FUND

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**,

---

Plaintiff DANIEL D'ANGELO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against HUNTER BUSINESS SCHOOL, INC. and JAY FUND ("Defendants") and states as follows:

**INTRODUCTION**

1. Plaintiff D'ANGELO alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime wages due to misclassification of non-exempt workers as exempt, (2) liquidated damages and (3) attorneys' fees and costs.

1

2.	Plaintiff D'ANGELO alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime wages due to misclassification of non-exempt workers as exempt, (2) liquidated damages, (3) statutory penalties, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.	This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.	Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Corporate Defendant is headquartered in this District and because the events giving rise to this action took place in this District.

## PARTIES

*Plaintiff:*

5.	Plaintiff D'ANGELO is a resident of Suffolk County, New York.

*Defendants:*

6.	Corporate Defendant HUNTER BUSINESS SCHOOL, INC. as a vocational training institute organized under the laws of New York with a principal place of business and address for service of process at 3601 Hempstead Turnpike, Unit 19, Levittown, New York 11756.

7.	Individual Defendant JAY FUND is the owner and president of HUNTER BUSINESS SCHOOL, INC.

8.	JAY FUND exercised functional control over the business and financial operations of HUNTER BUSINESS SCHOOL, INC. and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class members. With respect to Plaintiff,

FLSA Collective Plaintiffs and Class Members, JAY FUND exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (iv) otherwise affect the quality of employment. JAY FUND had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class members.

9. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant.

## STATEMENT OF FACTS

11. Plaintiff was employed by Defendants as a Financial Aid Adviser between October 16, 2018 and March 1, 2021. During this entire period, he worked for a fixed salary of $40,000.22 per year, or $19.23/hour, and was paid biweekly.

12. As a financial aid adviser, Plaintiff advised students and prospective students about the kind of financial aid they could receive from various government programs (student loans, grants, etc.). However, Plaintiff did not formulate Defendants' financial aid policies. Nor did he decide how much financial aid each students received, which was determined through fixed formulas based on their financial statements. Plaintiff answered questions, imparted information, and helped students and prospective students prepare financial aid applications, but he exercised no discretion with respect to students' financial aid packages.

13. From the beginning of his employment until around March 2020, Plaintiff worked the following schedule: Monday from 9:00 am to 5:00 pm; Tuesday from 10:00 am to 8:00 pm; Wednesday from 9:00 am to 5:00 pm; Thursday 10:00 am to 8:00 pm; and Friday from 9:00 am to 3:00 pm—for a total of 42 hours per week.

14. Beginning in or around March 2020, Plaintiff's weekly hours doubled to 80-90 hours per week. With the onset of the COVID-19 pandemic, Defendant expected that business would diminish significantly and so laid off some of the other financial aid advisers then working at Hunter Business School. This expectation proved false, however, as many people who had lost their jobs became interested in pursuing vocational training for new careers. As a result, enrollment at Hunter Business School increased significantly, but with fewer financial aid advisers available to help students navigate the process. Given this, Plaintiff was required to do the work of 2 advisers, leading to an 80-90-hour work week, but with no corresponding increase in wages. Plaintiff continued to work these hours until his termination a year later in March 2021.

15. Plaintiff was not paid overtime wages for his overtime hours both before and during the pandemic because Defendants had classified him as exempt. This was a misclassification for two reasons, however.

16. First, Plaintiff did not engage in any executive or administrative functions. As explained above, his job was to explain the financial aid process to students and then assist them with their applications. These functions involved no discretion, so Plaintiff was misclassified as exempt under both FLSA and NYLL.

17. Second, Plaintiff's salary was below the minimum threshold required to qualify as exempt in Nassau County under NYLL. In 2018, when Plaintiff began his employment with Defendants, the minimum was $825 a week or $42,900 a year. In 2019, it was $900 a week or

$48,800 a year.  In 2020, it was $975 a week or $50,700 a year.  In 2021, it was $1050 a week or $54,600 a year. Thus, during the entire period of Plaintiff's employment by Defendants, Plaintiff's salary was too low for Defendants to legally treat him as exempt—even if the executive or administrative exemptions had been applicable, which they were not.

18.   Plaintiff did not receive a wage and hour notice.  He also did not receive proper wage statements, since whatever wage statements he received treated him as exempt when he was not exempt and thus did not account for his overtime hours.

19.   Had Defendants obeyed the law, they would have had to pay Plaintiff at least $60,000 in addition to his base yearly salary of $40,000 for overtime work performed throughout the pandemic during the last year of his employment by Defendants.  And his biweekly wages for the period prior to this should have been approximately $120 higher than they were.

20.   From his discussions with coworkers, Plaintiff learned that many other employees of Defendants also failed to receive overtime wages and had also been misclassified as exempt, either because their salaries were too low or because their jobs involved no administrative or executive functions—or for both these reasons.

21.   Defendants' violations of FLSA and NYLL were willful, as Defendants were perfectly aware that Plaintiff was not paid enough to qualify as exempt and that he performed no administrative or executive functions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.   Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all fixed-salary financial aid advisers, administrative and other assistants, admissions representatives, career services advisers, instructors, classroom

instructors, clinical instructors, and laboratory assistants employed by Defendants on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

23. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them all wages owed due to a policy of time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

24. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

25. Plaintiff brings claims under NYLL for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all fixed-salary financial aid advisers, administrative and other assistants, admissions representatives, career services advisers, instructors, classroom instructors, clinical instructors, and laboratory assistants employed by Defendant on or after the date that is six (6) years before the filing of this Complaint (the "Class" or "Class members").

26. At all relevant times, Plaintiff and Class members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols,

routines, and rules, all culminating in a willful failure to pay all wages owed due to a policy of time shaving.

27. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

28. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Class Members in the Class.

29. Plaintiff's claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class or in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages because of a policy of misclassifying employees as exempt, in violation of NYLL.

30. Defendants failed to provide proper wage notices and failed to provide proper wage statements to Class members in violation of the NYLL.

31. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

32. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

34. Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

35. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and Class members within the meaning of the NYLL;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d) Whether Defendants paid Plaintiff and Class Members overtime wages for all overtime hours worked;

e) Whether Defendants wrongly treated Plaintiff and Class members as exempt;

f) Whether the fixed salaries of Plaintiff and Class members met the threshold required to treat them as exempt in Nassau County under NYLL;

g) Whether Defendants provided proper wage statements to Class members per requirements of the NYLL; and

h) Whether Defendants provided proper wage notices to Class members per requirements of the NYLL.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

40. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for all overtime hours worked, in violation of the FLSA.

41. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants showed a willful disregard for the provisions of the FLSA as evidenced by their willful failure to compensate Plaintiff and FLSA Collective Plaintiffs for overtime work.

43. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount to be determined at trial, plus an equal amount as liquidated damages.

46. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

47. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

48. At all relevant times, New York Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

49. Defendants knowingly and willfully failed to pay Plaintiff and Class members for their overtime work due to a policy of misclassifying them as exempt, in violation of NYLL.

50. Defendants knowingly and willfully failed to provide Plaintiff and Class members with proper wage statements as required under the NYLL.

51. Defendants knowingly and willfully failed to provide Plaintiff and Class members with proper wage and hour notices as required under the NYLL.

52. Due to the Defendants' New York Labor Law violations, Plaintiff and New York Class members are entitled to recover from Defendants unpaid wages, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and NYLL;

d. An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

f. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

h. Designation of this action as a class action pursuant to F.R.C.P. 23;

i. Designation of Plaintiff as Representative of the Class; and

j. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: June 14, 2021                    Respectfully submitted,

                                        LEE LITIGATION GROUP, PLLC

                        By:    */s/ C.K. Lee*

                                        C.K. Lee, Esq. (CL4086)
                                        148 West 24th Street, Eighth Floor
                                        New York, NY 10011
                                        Tel.: (212) 465-1188
                                        Fax: (212) 465-1181