UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL D'ANGELO,<br>*on behalf of himself, FLSA Collective Plaintiffs,*<br>*and the Class*,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>HUNTER BUSINESS SCHOOL, INC., and JAY<br>FUND,<br><br>　　　　　　　　　　　　　　　Defendants | Case No.: 2:21-cv-03334 |

**DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE**

　　　　I, C.K. Lee, an attorney duly admitted to practice law in the State of New York, declare under penalty of perjury:

　　　　1.　　I am a partner at the firm of Lee Litigation Group, PLLC ("LLG") in New York, New York, Plaintiff's counsel herein.

　　　　2.　　I am the lawyer primarily responsible for the prosecution of Plaintiff's claims on behalf of the class in this matter.

　　　　3.　　I make these statements based on personal knowledge and would so testify if called as a witness at trial.

## NATURE OF PLAINTIFF'S CLAIMS

　　　　4.　　Plaintiff Daniel D'Angelo ("Plaintiff") alleges that Defendants failed to pay Plaintiff and others similarly situated under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"): their proper overtime wages due to misclassification of non-exempt workers as exempt, statutory penalties, liquidated damages and attorneys' fees and costs.

1

## INVESTIGATION AND DISCOVERY

5. Before filing the Complaint, Plaintiff's Counsel conducted a thorough investigation. This included investigation and legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages, the proper measure of damages, and the likelihood of class certification.

6. LLG had in-depth interviews with Plaintiff. LLG also obtained documents and data from the Plaintiff that helped evaluate the risks of the case.

7. In preparation for the class mediation, Defendants produced 4.5 years of class members' earnings records and time records (the remainder of damage calculation estimates were extrapolated from the records produced and reviewed), employee handbook, and a class list containing only class members' employee ID numbers, positions, and dates of employment. Plaintiff's Counsel used the documents provided by Defendants for discovery and mediation, as well as the recollection and testimony of Plaintiff, to calculate the potential damages owed to Plaintiff D'Angelo and the Class Members prior to the Parties' private mediation on March 3, 2022.

8. Plaintiff's Counsel has provided a benefit to the class and the judicial system by agreeing to cooperate in the prosecution and settlement of this case.

## SETTLEMENT NEGOTIATIONS

9. The parties held a full-day mediation session on March 3, 2022, conducted by Dina Jansenson of JAMS, a well-regarded mediator with extensive experience mediating wage and hour class settlements.

10. In advance of the mediation, Plaintiff's counsel submitted a detailed mediation statement that explained the claims, noted Defendants' vulnerabilities, acknowledged risk, and

explained the damage calculations they had performed based on the documents produced by Defendants for such purposes.

11. The parties made progress towards a settlement in principle during mediation and, during the months thereafter, continued negotiating the terms of the class settlement, which was memorialized first in a legally binding term sheet dated April 15, 2022 and later in the Settlement Agreement and Release ("Settlement Agreement") fully executed on May 6, 2022.

12. At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis.

## **SETTLEMENT AGREEMENT**

13. The $450,000 settlement amount is a compromise figure. In reaching the settlement, Plaintiff's Counsel took into account the risks of establishing liability, and also considered the time, delay, and financial repercussions in the event of trial and appeal by Defendants. Although Plaintiff believes his claims have merit, he recognizes the legal, factual and procedural obstacles to recovery, as Defendants have and will continue to vigorously contest Plaintiff's claims if the action does not settle.

14. In light of the strengths and weaknesses of the case, Plaintiff's Counsel believes the settlement easily falls within the range of reasonableness because it achieves a significant benefit for Plaintiff and the Class Members in the face of significant obstacles.

15. The settlement negotiations were at all times hard fought and arm's length, and they have produced a result that Plaintiff's Counsel believes to be in the best interests of the Class Members in light of the costs and risks of continued litigation. Moreover, in our estimation, and based on the data provided by both Plaintiff and Defendants, the settlement represents a significant percentage of the recovery that Plaintiff would have achieved had he prevailed on all of his claims

and survived an appeal, and a substantial portion of what Defendants would be able to pay if faced with a judgment.

16. Under the Settlement Agreement, any Class Member who redeems a settlement check containing opt-in acknowledgment language will opt into the Fair Labor Standards Act ("FLSA") collective action and release his or her FLSA claims.

17. The allocation formula accounts for the number of weeks in which each Class Member was employed by Defendants during the relevant class period June 14, 2015 to November 30, 2021 ("Relevant Period"), relative to the aggregate number of weeks during which all Class Members were employed by Defendants during the Relevant Period ("Individual Settlement Allocation"), provided that each Class Member shall receive the greater of their Individual Settlement Allocation or a minimum payment of $1,000, less all applicable payroll tax withholdings, as appropriate consideration for release of claims. As such, the allocation formula is fair and reasonable because it will provide each Class Member who does not opt out of the settlement with an individual settlement payment that is proportional to their time employed by Defendants, while ensuring no Class Member receives less than $1,000, in exchange for their release of all wage and hour related claims.

## MY BACKGROUND AND EXPERIENCE

18. I received a BS/BA from the University of Michigan/Ann Arbor, with concentrations in Biology and Chinese Language & Culture. I received a Juris Doctorate degree from The University of Pennsylvania Law School in 1997. I was admitted to the New York bar in 1998. I am also admitted to the bars of the U.S. Supreme Court, the Second Circuit Court of Appeals, and the United States District Courts for the Eastern, Southern, Western and Northern Districts of New York. I am a member in good standing of each of these bars. I have served as lead counsel in numerous wage and hour class and collective actions.

19. Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel.

20. Since April 2009, a substantial portion of my practice has been prosecuting wage and hour class and collective action cases.

21. I have been appointed as lead counsel in more than 950 wage and hour cases that district courts have certified as class actions and/or collective actions. See the complete list of these actions attached hereto as **Exhibit B**

22. Likewise, courts have repeatedly found LLG to be adequate class counsel in such wage and hour class actions.

## CLAIMS ADMINISTRATION

23. The Parties have agreed to retain Advanced Litigation Strategies, LLC, an administration company under common control of Plaintiff's counsel, to administer the settlement.

24. There are approximately 86 members of the proposed class.

## EXHIBITS

25. Attached hereto as **Exhibit A** is a true and correct copy of the fully executed Settlement Agreement and Release ("Settlement Agreement"), with Exhibit A, Proposed Notice to Class.

26. Attached hereto as **Exhibit B** is a list of approved class actions, in which LLG has been appointed as Class Counsel.

\*   \*   \*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
May 20, 2022

                           **LEE LITIGATION GROUP, PLLC**

                           */s/ C.K. Lee*
                           C.K. Lee, Esq.
                           148 West 24th Street, Eighth Floor
                           New York, New York 10011
                           Telephone: (212) 465-1188
                           *Attorneys for Plaintiff, FLSA Collective Plaintiffs,*
                           *and the Class*