# EXHIBIT A

| | |
|---|---|
| DANIEL D'ANGELO, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*<br><br>                      Plaintiff,<br><br>  – against –<br><br>HUNTER BUSINESS SCHOOL, INC.,<br>and JAY FUND<br>                      Defendants. | Case No.: 2:21-cv-03334 |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Daniel D'Angelo (the "Named Plaintiff"), individually and on behalf of the Class (as defined below), and Hunter Business School, Inc. and Jay Fund ("Defendants", and with Named Plaintiff, the "Parties").

## RECITALS AND BACKGROUND

WHEREAS, Named Plaintiff filed a Class Action Complaint on June 14, 2021 against Defendants in the United States District Court Eastern District of New York, asserting collective and class action claims alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL") by failing to pay overtime wages for all overtime hours worked, and failing to provide proper wage statements and wage notices as required by the NYLL (the "Litigation");

WHEREAS, solely for the purpose of settling this Litigation, and without admitting any wrongdoing or liability, Defendants have agreed, for settlement purposes only, to the conditional certification of a collective under §216(b) of the FLSA and to class certification under Fed. R. Civ. P. 23;

WHEREAS, the Parties have engaged in and completed extensive informal discovery in connection with the potential settlement of this matter;

WHEREAS, Named Plaintiff and Defendants, through their respective counsel, have also participated in extensive arms-length negotiations in efforts to settle the disputes underlying the Litigation, including participating in a full-day mediation session conducted by Dina Jansenson, an experienced and well-known mediator who has successfully negotiated settlements in similar wage and hour class and collective actions, which resulted in a settlement in principle and binding Term Sheet, which is superseded by this Agreement;

WHEREAS, Defendants denied and continue to deny all of the allegations made in the Litigation and have denied and continue to deny that they are liable or that they owe damages to anyone with respect to the allegations or causes of action asserted in the Litigation. Nonetheless, solely for the purpose of settling this Litigation, and without admitting any wrongdoing or liability, Defendants have agreed to disseminate a notice of settlement pursuant to Fed. R. Civ. P 23 and § 216(b) of the FLSA to all Class Members and FLSA Collective Members (as both terms are defined below);

WHEREAS, the purpose of this Agreement is to settle fully and finally all State Law Claims and FLSA Claims (as defined below) among the Named Plaintiff, the Class Members, the FLSA Collective Members, and Defendants, including all claims asserted in the Litigation, in order to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Class Counsel (as defined below) analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Named Plaintiff, the Class Members and the FLSA Collective Members, and based upon Class Counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiff, Class Members, and FLSA Collective Members.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1. **DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1** **"Action" or "Litigation."** The Action or Litigation shall mean the filed complaint in the United States District Court Eastern District of New York, bearing the caption *D'Angelo v. Hunter Business School, Inc. et al.,* Case No. 2:21-cv-03334.

**1.2** **"Administrator" or "Claims Administrator."** The Administrator or Claims Administrator refers to Advanced Litigation Strategies LLC, an experienced administrator under Class Counsel's common control, to mail the Notices and administer the Settlement.

**1.3** **"Agreement."** Agreement means this Settlement Agreement and Release.

**1.4    Authorized Claimant.** An Authorized Claimant is a Class Member who does not opt out of the proposed settlement, and thus becomes entitled to receive an Individual Settlement Allocation.

**1.5    "Class" or "Class Member(s)."** Class or Class Members shall be defined as: Named Plaintiff and all career service advisors, financial aid counselors, admissions representatives and administrative staff (comprised of secretaries, receptionists and COVID testers), employed by Defendants at any time from June 14, 2015 through November 30, 2021, who do not opt-out of the Litigation in accordance with the procedures set forth below. For the avoidance of doubt, only employees employed prior to November 30, 2021 are eligible to be Class Members.

**1.6    "Class Counsel" or "Plaintiff's Counsel."** Class Counsel or Plaintiff's Counsel shall mean C.K. Lee, Esq. of Lee Litigation Group, PLLC, 148 West 24th Street, 8th Floor, New York, New York 10011.

**1.7    "Class Member List" or "Class List."** The Class Member List or Class List shall mean a list of all Class Members that shall be provided by Defense Counsel to the Claims Administrator in Excel format, reflecting all Class Members, identified by, to the fullest extent possible, as based on Defendant's internal records: (i) name; (ii) last known address; (iii) email address; (iv) telephone number; and (iv) Social Security Numbers, contained in a confidential document that the Defendants shall provide to the Claims Administrator. The Class Member List is to be used solely by the Claims Administrator to effectuate settlement, and may not be copied, disseminated or used for any other purpose. The class size shall be no more than 95 individuals. To the extent that the class size exceeds 95 individuals, the Gross Settlement Amount shall be increased by a pro-rata share. Every Class Member exceeding 95 individuals shall increase the Gross Settlement Amount by $4,736.85.

**1.8    "Court."** The Court shall mean the United States District Court Eastern District of New York.

**1.9    "Days."** Unless otherwise specified, days shall mean calendar days. If any deadline specified in this Agreement falls on a weekend or holiday, the due date shall be extended to the next business day that is not a weekend or holiday.

**1.10    "Defendants."** Defendants shall mean Hunter Business School, Inc. and Jay Fund.

**1.11    "Defense Counsel or "Defendants' Counsel."** Defense Counsel or Defendant's Counsel  isDuane Morris LLP, 1540 Broadway, New York, NY 10036-4086 (Eve Klein, Esq., Katelynn Gray, Esq., and Jenna Decker, Esq.).

**1.12    "Fairness Hearing."** The Fairness Hearing shall mean the hearing before the Court relating to the Motion for Final Approval, unless otherwise scheduled by the Court without the filing of a motion.

**1.13    "Final Effective Date."** The Final Effective Date shall be the date when the Court enters a Final Approval Order (as defined herein) approving this Agreement, provided no objections are filed. In the event that objections are made to this Agreement by any person, or the Court awards Class Counsel's fees and costs in a sum below that requested, the Final Effective Date shall be

the date any appeal from the Final Approval Order has been finally dismissed; (2) the date the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and/or (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical (i.e., including identical payment obligations and procedures, releases, and other material terms) to the form of the Final Approval Order entered by the Court.

**1.14** **"Final Approval Order."** The Final Approval Order shall mean the order entered by the Court after the Fairness Hearing approving the terms and conditions of this Agreement, distribution of the settlement payments from the Settlement Account, approval of professional fees, expenses and costs, and dismissal of the Litigation with prejudice.

**1.15** **"FLSA Collective Member(s)."** FLSA Collective Members shall be defined as Named Plaintiff and all career service advisors, financial aid counselors, admissions representatives and administrative staff (comprised of secretaries, receptionists and COVID testers), employed by Defendants at any time from June 14, 2018 through November 30, 2021. FLSA Collective Members who endorse their settlement checks will fully and finally release their FLSA claims as provided for in Section 4.1(B). The term "Class Member(s)" shall also be used to refer to FLSA Collective Member(s) throughout this Agreement.

**1.16** **"FLSA Claims."** The FLSA Claims shall mean any and all wage-related claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues arising in any way from the beginning of time until November 30, 2021, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims that could have been, or might be asserted in any court, tribunal or proceeding, against Released Entities by or on behalf of the Named Plaintiff, the Class Members, the Authorized Claimants, and/or the FLSA Collective Members under federal wage and hour laws, including, but not limited to, the FLSA, 29 U.S.C. §§ 201 *et seq.*

**1.17** **"General Release Payment."** The General Release Payment shall mean a payment of $15,000 paid to Named Plaintiff from the Gross Settlement Fund, in exchange for a general release in favor of Defendants provided by Named Plaintiff, as provided for in Section 4.1(D).

**1.18** **"Gross Settlement Fund."** "Gross Settlement Fund" refers to $450,000.00, the amount Defendants has agreed to pay to the Settlement Administrator pursuant to this Agreement to fully resolve and satisfy any claim for attorneys' fees, expenses and costs approved by the Court, any and all payroll taxes, any and all amounts to be paid to Authorized Claimants, the Court-approved costs of the Administrator, any Court-approved service award and the general release payment.

**1.19** **"Motion for Final Approval."** The Motion for Final Approval shall mean the Named Plaintiff's anticipated motion, with supporting documents and materials, for the Court's final approval of the settlement.

**1.20** **"Named Plaintiff."** The Named Plaintiff shall mean Daniel D'Angelo.

**1.21** **"Notice" or "Notices."** Notice or Notices shall mean the Court–approved Notice of Proposed Settlement, including notice of an opportunity to opt-out or object to the proposed settlement, attached hereto as Exhibit A.

**1.22** **"Objector."** An Objector shall mean any Class Member who properly files an objection to this Agreement and does not include any individual who opts-out of this Agreement.

**1.23** **"Opt-out Statement."** An Opt-out Statement is a written signed statement by a Class Member who has decided to opt-out and not be included in this Agreement. Any Class Member who does not timely (pursuant to Section 2.8 below) submit an Opt-out Statement waives and releases all State Law Claims, even if he or she does not cash his or her settlement check(s). Only Class Members who endorse their settlement checks will waive and release their FLSA Claims as well. Class Members who submit an Opt-out Statement retain their FLSA Claims and/or State Law Claims.

**1.24** **"Parties."** The Parties shall refer to Named Plaintiff and Defendants collectively.

**1.25** **"Plaintiffs."** Shall mean Named Plaintiff, FLSA Collective Members, and Class Members collectively.

**1.26** **"Preliminary Approval Order."** The Preliminary Approval Order shall mean the Order entered by the Court: (i) certifying a collective pursuant to 29 U.S.C. 216(b) and a class pursuant to Fed. R. Civ. P. 23 solely for purposes of effectuating the Agreement; (ii) preliminarily approving the terms and conditions of this Agreement; (iii) appointing Lee Litigation Group, PLLC as Class Counsel; (iv) directing the manner and timing of providing Notice to the Class Members; (v) appointing the Claims Administrator; and (vi) setting dates to effectuate the terms of this Agreement, including the date of the Fairness Hearing.

**1.27** **"Released Entities."** The Released Entities shall mean Defendants Hunter Business School, Inc. and Jay Fund and their respective estates, heirs, executors, administrators, agents, successors, and assigns, as well as their individual and collective subsidiaries, parents, affiliates, partners (general and limited), members, lenders (including any administrative agent or collateral agent for such lenders), employee benefit plan administrators, creditors, insurers, sureties, predecessors, and successors of the foregoing, as well as the officers, managers, owners, directors, employees, agents, representatives, attorneys, trustees, executors, heirs, spouses, transferees, and assigns of any and all of them in their individual and/or representative capacities, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, solely in their capacity as such.

**1.28** **"Settlement Account."** The Settlement Account shall mean a qualified settlement fund established by the Administrator, pursuant to this Agreement.

**1.29** **"Settlement Checks."** The Settlement Checks shall mean the checks issued to Authorized Claimants from the Settlement Account by the Administrator as calculated by the Administrator in accordance with this Agreement.

**1.30** **"State Law Claims."** The State Law Claims shall mean any and all wage-related claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues arising in any way from the beginning of time until the date of the Final Approval Order, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims, that could have been, or might be asserted in any court, tribunal or proceeding that could have been asserted by, or on behalf of, the Named Plaintiff, the Class Members, the Authorized Claimants, and/or the FLSA Collective Members against the Released Entities under the New York Labor Law, the New York Hospitality Industries Wage Order, the New York Miscellaneous Industries Wage Order, the New York Wage Theft Prevention Act, New York Minimum Wage Act, any other rule, regulation, statute, or ordinance promulgated by any city, county, town, village, or municipality within the state of New York, as well as any other law, rule, regulation, or ordinance governing the payment of wages promulgated by any other state, municipality, or locality. State Law Claims include such aforementioned claims for statutory, constitutional, contractual or common law claims for unpaid regular or overtime wages, meal breaks, payment of final wages, earned sick time, accrued benefit time prevailing wages, improper notice, improper paystubs, spread of hours, unpaid gratuities, service charges, living wage, tips, any related wage and hour claims, interest on such claims, penalties, damages, liquidated damages, attorney's fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief. However, notwithstanding the foregoing, State Law Claims do not include retaliation clams under the New York Labor Law.

## 2. INITIAL PROCEDURAL ISSUES

**2.1** **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms.

**2.2** **Retention of the Administrator.** In compliance with the preliminary order of the Court, and the schedule set forth therein, Named Plaintiff shall engage the Administrator to mail Notices and administer the settlement.

**2.3** **Responsibilities of the Administrator.** The Administrator shall be responsible for:

    (A)    preparing, printing and disseminating the Notice to the Class and any other notices required by the Court or by law;

    (B)    copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications, including objections, made by any Party;

    (C)    collecting and filing any objections from Class Members which the Administrator receives;

    (D)    promptly furnishing to counsel for the Parties copies of any Opt-out Statements, objections or other written or electronic communications from Class Members which the Administrator receives;

(E)     keeping track of Opt-out Statements, including maintaining the original mailing envelope in which the request was mailed;

(F)     mailing all required tax forms to Class Members and to Class Counsel as provided herein;

(G)     setting up a Settlement Account to be used for the distribution of: a) all Settlement Checks to Authorized Claimants; b) the Court-Approved costs and fees to Class Counsel; c) the Court-approved fees of the Claims Administrator; and d) the Court-approved Service Award and General Release Payment to the Named Plaintiff;

(H)     calculating the amount of each Class Member's Individual Settlement Allocation;

(I)     calculating the employer-side payroll taxes required pursuant to the settlement;

(J)     calculating and paying each Authorized Claimant's taxes and preparing appropriate tax forms for Defendants and for each Authorized Claimant;

(K)     mailing the Settlement Checks to Authorized Claimants;

(L)     ascertaining current address and addressee information for each Notice returned as undeliverable and the mailing of Notice;

(M)     responding to inquiries of the Class regarding procedures for filing objections and Opt-out Statements;

(N)     referring to Class Counsel all inquiries by the Class regarding matters not within the Administrator's duties specified herein;

(O)     responding to inquiries from Class Counsel and Defense Counsel consistent with the Administrator's duties specified herein;

(O)     promptly apprising Class Counsel and Defense Counsel of the activities of the Administrator;

(P)      maintaining adequate records of its activities, including the dates of the mailing of Notice(s), returned mail and other communications and attempted written or electronic communications with the Class;

(Q)     confirming in writing to Plaintiff's Counsel and Defense Counsel its completion of the administration of the settlement;

(R)     timely responding to communications from the Parties or their counsel; and

(S)     such other tasks the Parties mutually agree.

Throughout the period of claims administration, the Administrator will provide reports to the Parties upon request by either Party regarding the status of the mailing of the Notices to the Class, the claims administration process, and distribution of the Settlement Checks or any other aspect of the claims administration process.

**2.4    Notice to Class.** The Notice will inform Class Members about the settlement set forth in this Agreement and will also advise them of the opportunity to object to, opt-out of, or take steps to remain in the Class in order to obtain a Settlement Check pursuant to this Agreement, and/or to appear at the Fairness Hearing.

(A)    Within five (5) business days of the entry of the Preliminary Approval Order by the Court, Defendants shall provide the Administrator with the Class List.

(B)    Within ten (10) business days of the entry of the Preliminary Approval Order by the Court, the Administrator will mail to all Class Members, via First Class United States Mail, the Court–approved Notices of Proposed Class and Collective Action Settlement (the "Initial Mailing"). The Administrator will take all reasonable steps to obtain the correct address of any Class Member for whom a Notice is returned by the post office as undeliverable, including skip tracing, text messages, email messages, and database searches, and shall attempt a re-mailing to any Class Member for whom it obtains a more recent address (the "Follow-Up Mailing").

(C)    Within thirty (30) days of the Initial Mailing, the Administrator shall provide a report to Defendants' counsel detailing the results of the Initial Mailing, including participation and returned notices, and shall send the Follow-Up mailing to applicable Class Members.

(D)    Within thirty (30) days of the Follow-up Mailing, the Administrator shall provide a combined report detailing the final results of the Initial Mailing and Follow-Up mailing, notifying Class Counsel and Defense Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

(E)    The Initial and Follow-Up Mailings shall be provided by mail and e-mail, and, in the event that a mailing is returned and the above reasonable efforts do not identify a new mailing or email address, the Follow-Up Mailing may be provided by text.

(F)    Class Members who do not appear on Defendants' Class List have until the end of the Opt-out Period (defined herein) to identify themselves.

**2.5    Access to the Administrator.** The Parties will have equal access to the Administrator throughout the claims administration period. Class Counsel and Defense Counsel agree to provide the Administrator with all accurate information necessary to reasonably assist the Administrator in locating the Class.

**2.6    Approval of the Preliminary Approval Order.**

(A)    On or before May 20, 2022, Class Counsel shall file a motion for Preliminary Settlement Approval ("Preliminary Approval Motion") which shall include: (i) the proposed Notice of Proposed Class and Collective Action Settlement; (ii) a proposed Preliminary Approval Order; (iii) an executed version of this Agreement; and (iv) the necessary documents, memorandum, affidavits, and exhibits for the purposes of certifying a Class under Fed. R. Civ. P. 23 and a collective under § 216(b) of the FLSA for settlement purposes only, and preliminarily approving the Agreement.

(B)    The Preliminary Approval Motion will also seek: (i) the setting of a date for individuals to opt-out of this Agreement and/or provide objections to this Agreement, which date will be sixty (60) days from the initial mailing of Notice to the Class Members by the Administrator; and (ii) to set a date for the Fairness Hearing, for Final Approval of the Settlement which shall be no earlier than ninety (90) days following the date that the Court enters the proposed Preliminary Approval Order.

(C)    The proposed Preliminary Approval Motion, including but not limited to the Notice of Proposed Class Action Settlement and proposed Preliminary Approval Order shall be drafted by Class Counsel, but subject to comment, revision and approval by Defense Counsel. Class Counsel shall provide drafts of the proposed Preliminary Approval Motion to Defense Counsel at least ten (10) days prior to the filing date.

**2.7    Good Faith.**

(A)    The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and Final Dismissal with prejudice. Any disputes which arise between the Parties related to the Parties' efforts to obtain a Preliminary Approval Order, Final Approval Order, Final Dismissal with prejudice shall be submitted to mediator Dina Jansenson, Esq. for further guidance.

**2.8    Opt-outs.**

(A)    Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, postage prepaid, a written, signed statement to the Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and statement indicating his or her intention to opt-out such as: "I opt out of the Hunter Business School wage and hour settlement" or words that are indisputably to that effect ("Opt-out Statement"). To be effective, an Opt-out Statement must be post-marked or received by the Administrator within sixty (60) days after the Initial Mailing of Notice to the Class.

(B)    The end of the time-period to opt-out of the settlement ("Opt-out Period") shall be sixty (60) days after the Initial Mailing of Notice to the Class.

(C)     The Administrator will send a final list of all Opt-out Statements to Class Counsel and Defense Counsel no later than fourteen (14) days after the Opt-out Period. The Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Administrator is relieved of its duties and responsibilities under this Agreement.

(D)     Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the settlement in this case, and have any State Law Claims released and dismissed. Class Members who endorse, deposit, sign, and/or negotiate their settlement check(s) will also release their FLSA Claims.

(E)     The amounts allocated to those Class Members that opted out of the settlement will be reallocated to the Authorized Claimants that did not opt-out.

(F)     Within 10 days of the conclusion of the Opt-out Period, Defendants shall have the option to cancel the settlement if more than 25% of the Class Members opt-out of the settlement. Should Defendants elect such a cancellation, the Parties will revert to their respective positions prior to entering into this Agreement and the Litigation will proceed as if no settlement had been attempted.

**2.9     Objections to Settlement.**

(A)     Objectors who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to the Administrator via First-Class United States Mail postmarked by sixty (60) days after the initial mailing of Notice to the Class. The statement must include all reasons for the objection, and any supporting documentation. The statement must also include the name, address, and telephone number for the Class Member making the objection. The Administrator will stamp the date received on the original and send copies of each objection, supporting documents, to Class Counsel and Defense Counsel by email delivery no later than three (3) days after receipt of the objection. The Administrator shall provide all objections in its final affidavit to be filed with the application for Final Approval no later than fifteen (15) days prior to the Fairness Hearing.

(B)     An Objector also has the right to appear at the Fairness Hearing, either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time. An Objector is a Class Member and an objection does not constitute the filing of an Opt-out Statement.

**2.10     Fairness Hearing and Motion for Final Approval and Dismissal.**

(A)    In accordance with the schedule set by the Court in the Preliminary Approval Order and in advance of the Fairness Hearing, the Parties shall file a Motion for Final Approval, with supporting documents and materials for final Approval of the settlement, which shall be subject to review and comment by Plaintiff and Defendants. The Motion for Final Approval may contain a compliance affidavit from the Administrator, an application for attorneys' fees, costs and the Service Award, and supporting affirmation and documents from Class Counsel regarding the fairness, adequacy and reasonableness of the settlement or any aspect related to this Agreement. The Motion for Final Approval may also include a proposed Final Approval Order.

(B)    At the Fairness Hearing, the Parties will request that the Court, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement; (2) order the Administrator to distribute Settlement Checks; (3) order the attorneys' fees, expenses and costs to be paid to Class Counsel out of the Settlement Account; (4) order the Administrator's fees and expenses be paid out of the Settlement Account; (5) order that the Service Award be paid out of the Settlement Account; (6) order the dismissal with prejudice of all State Law Claims by all Class Members who did not opt-out as well as Named Plaintiff; (7) dismiss FLSA Claims for all Class Members who endorsed, signed, deposited, and/or negotiated their settlement check(s); (8) order entry of Final Dismissal with prejudice in accordance with this Agreement; and (9) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated hereby.

**2.11**    **Effect of Failure to Grant Final Approval.** In the event the Court fails to dismiss this matter with prejudice in accordance with this Agreement or such dismissal or this settlement does not become Final as defined herein, the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of dismissal with prejudice, and (2) attempt to renegotiate the settlement in accordance with any applicable guidance from the Court and seek Court approval of the renegotiated settlement. In the event any reconsideration or appellate review is denied, or a mutually agreed-upon settlement is not approved:

(A)    The Litigation will proceed as if no settlement had been attempted. In that event, the class and collective certified for purposes of settlement shall be automatically decertified, and Defendants may contest whether this Litigation should be maintained as a class action or collective action and contest the merits of the claims being asserted by Plaintiff in this action.

(B)    The Administrator will provide notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement. Such notice shall be mailed by the Settlement Claims Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Claims Administrator in mailing the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

(C)     Any amounts deposited into the Settlement Account will be returned to Defendant, less 50% of the Administrator's Fees if the Notices were already distributed by the Administrator.

## 3.     SETTLEMENT TERMS

### 3.1     Gross Settlement Amount

Defendants agree to create a "Gross Settlement Fund" in an amount not to exceed $450,000.00, which shall fully resolve and satisfy any claims for: (i) attorneys' fees, expenses and costs approved by the Court; (ii) the Court-approved costs and fees of the Administrator; (iii) all amounts to be paid to all Authorized Claimants for releasing claims as set forth herein; and (iii) any Court-approved service award and the General Release Payment to Named Plaintiff.

**3.2     Net Settlement Amount and Allocation to Class Members.** After deduction from the Gross Settlement Fund of: (i) the Court-approved service award and the General Release Payment to Named Plaintiff; (ii) the Court-approved costs and fees of the Administrator; (iii) Court-approved attorney's fees; and any other costs and expenses relating to the class settlement (the "Net Settlement Amount"), Individual Settlement Allocations will be computed based on the number of weeks worked by Class Members during the Class Period. The Individual Settlement Allocations shall be calculated as set forth herein using the individual weeks worked by each Class Member during the period of June 14, 2015 through November 30, 2021, as memorialized in the confidential document(s) provided by Defendants' Counsel, provided that each Authorized Claimant shall receive the greater of their Individual Settlement Allocation or a minimum payment of $1,000, less all applicable payroll tax withholdings. Only Class Members who do not timely opt-out under the terms of this Agreement shall be entitled to receive a check for their Individual Settlement Allocation.

(A)     **Calculation of Individual Settlement Allocations.** A Class Member's Individual Settlement Allocation will be determined by the Settlement Administrator pursuant to the following formula:

(1)     Each Class Member's weeks worked for Defendants between June 14, 2015 through November 30, 2021 (the "Calculation Period") shall be determined.

(2)     To calculate each Class Member's Individual Settlement Allocation: (i) add all weeks worked by Class Members during the Calculation Period together to obtain the "Total Denominator;" (ii) Divide the weeks worked by each Class Member during the Calculation Period by the Total Denominator to obtain each Class Member's "Portion of the Net Settlement Fund;" (iii) multiply each Class Member's "Portion of the Net Settlement Fund" by the Net Settlement Fund to determine each Class Member's Individual Settlement Allocation.

(3)     The Total Denominator for each Class Member will be the same number. As a result of this calculation, the total of all Class Members' numerators must equal the Total Denominator. Thus, each Class Member's individual weeks worked

during the Calculation Period divided by the sum of all weeks worked by all Class Members during the Calculation Period equals the Class Member's individual "Portion of the Net Settlement Fund."

(B)  **Service Award to Named Plaintiff.** Class Counsel shall seek Court Approval of the payment of a Service Award of $10,000 to Named Plaintiff in consideration for work performed on behalf of the Class (the "Service Award"). Defendants shall not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Gross Settlement Fund. In the event the Court inquires about Defendants' position on the issue of the Service Award, Defendants will inform the Court that, for settlement purposes only, it takes no position on the issue so long as it does not increase the Gross Settlement Fund. The substance of Named Plaintiff's application for a Service Award is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for a Service Award shall not terminate this Agreement or otherwise affect the Court's Final Approval.

(C)  **General Release Payment to Named Plaintiff.** A General Release Payment of $15,000 shall be paid to Named Plaintiff from the Gross Settlement Fund, in exchange for a general release provided by Named Plaintiff, as provided for in Section 4.1(D).

**3.3  Professional Fees and Costs.** At the Fairness Hearing, Class Counsel will petition the Court for an award of attorneys' fees not to exceed One Hundred Fifty Thousand Dollars and Zero Cents ($150,000.00) as well as for reimbursement of their actual litigation expenses and costs. These fees, expenses and costs shall come out of the Settlement Fund. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court and provided it does not exceed the amounts set forth in this paragraph above. The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's Final Approval.

**3.4  Administrator's Fees.** As part of Named Plaintiff's motion for final approval of the settlement, Named Plaintiff will submit a declaration from the Administrator detailing the administration process, and will petition the Court for an award of administration fees not to exceed Twenty-Five Thousand Dollars and Zero Cents ($25,000.00). At the Fairness Hearing, Class Counsel will petition the Court to award the Administrator its fees and expenses to be paid out of the Settlement Fund. The Administrator's fees up to $25,000 shall be paid from the Gross Settlement Fund, provided that $12,500 shall be funded within three (3) business days by Defendants to the Administrator following the Court's preliminary approval of the settlement. The substance of Class Counsel's application for the Administrator's fees and expenses is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any

proceeding related to the request for Administrator costs and expenses shall not terminate this Agreement or otherwise affect the Court's Final Approval. The Administrator Fees shall be deducted from the Gross Settlement Fund prior to distribution of any monies to the Class Members, FLSA Collective Members, Class Counsel and/or the Named Plaintiff.

**3.5     Funding and Payment**

(A)     Defendants have funded the Gross Settlement Fund of $450,000 into Defendants' Counsel's escrow account prior to the Parties' execution of the Settlement Agreement. The Gross Settlement Fund shall be released to the Settlement Account within three (3) business days of the entry of the Preliminary Approval Order by the Court. The Administrator shall hold the Gross Settlement Fund in the Settlement Account and may not release any funds before the Effective Date, except for half of the Administrator's Fees of $12,500, as set forth in Section 3.4.

(B)     Within thirty (30) days of the Final Effective Date the Administrator will mail Settlement Checks to all Authorized Claimants.

(C)     Authorized Claimants shall have sixty (60) days after the Settlement Checks are mailed to cash their respective Settlement Checks. After the 60-day period ends, residual funds may be applied to any unforeseen liabilities, claims, expenses, and costs incurred by the Administrator, provided the Administrator first consults with and obtains approval from Class Counsel and Defendant's Counsel. Any uncashed Settlement Checks, and all other amounts remaining in the fund after 90 days shall be donated to a non-profit organization, Shield.org, as selected by Plaintiff's Counsel, an organization devoted to the education, care and job placement of disabled children and adults.

**3.6     Tax Characterization.**

(A)     Except as set forth below, settlement payments to the Authorized Claimants will be allocated as back-wage payments and/or wage income subject to W-2 reporting, less all required payroll deductions and remissions.

(B)     Payments of attorneys' fees, expenses and costs pursuant to Section 3.3 shall be made without any withholdings, and a Form 1099 shall be issued for this payment, subject to Defendant's prior receipt of an appropriate W-9 from Class Counsel. Any Service Award and General Release Payment shall be made without any withholdings and reported to the IRS via a Form 1099. Defendants and the Claims Administrator shall exchange such information as is necessary for the Claims Administrator to make proper tax withholdings and comply with tax reporting obligations as described in this Section 3.6.

(C)     The employer's share of the FICA tax and any federal and state unemployment tax due that are traditionally borne by employers, including, but not limited to FICA, FUTA, SUTA, NYC payroll taxes and the like, shall be paid out of the Gross Settlement Amount and processed by the Administrator prior to issuing payment to Class Members. The Administrator shall inform Defense Counsel of

each Authorized Claimant's payment, including the calculation of any taxes, at least fourteen (14) days prior to the distribution of the payments.

**3.7** **Allocation of Unapproved Attorneys' Fees, Expenses, Service Award and Administration Fees.** Any amounts not approved for Attorneys' Fees, Expenses, Service Award, General Release Payment, or Administration Fees shall be included in the Gross Settlement Amount and reallocated for payment to Class Members.

**4.** **RELEASE**

**4.1** **Release of Claims.**

(A) **Release of State Claims.** Upon the Final Approval Order being issued, and except as to such rights or claims as may be specifically created by this Agreement, each Class Member who does not opt-out of this Agreement, on his or her behalf, and on behalf of his or her respective current, former and future heirs, executors, and administrators, fully releases and discharges the Released Entities from any and all State Law Claims.

(B) **Release of FLSA Claims.** Upon the Final Approval Order being issued, and except as to such rights or claims as may be specifically created by this Agreement, each Authorized Claimant who endorses their Settlement Check, on his or her behalf, and on behalf of his or her respective current, former and future heirs, executors, administrators, agents, and attorneys, fully releases and discharges the Released Entities from any and all FLSA Claims.

(C) All Settlement Checks shall contain, on the back of the check, the following limited endorsement:

**"RELEASE OF CLAIMS:**

"By endorsing or cashing this check you agree to opt into the lawsuit, D'Angelo v. Hunter Business School, EDNY 21-cv-3334, as a collective class member under the Fair Labor Standards Act, as amended, and release all federal and New York State wage claims, as well as all claims under the Wage Theft Prevention Act."

Any modification or amendment of the above language, at Defendant's discretion, may not be accepted, and, if not accepted, shall void the Settlement Check. Any Authorized Claimant who does not endorse, sign, deposit, negotiate, and/or otherwise cash their Settlement Checks shall be deemed not to have opted into the Litigation with respect to such FLSA Claims and, accordingly, shall not be entitled to proceed or otherwise assert their FLSA Claims in the Litigation, which shall be dismissed in its entirety following Final Approval, but may pursue such FLSA claims in a separate action, provided, however, that said Authorized Claimant shall still waive and release their State Law Claims in accordance with this Agreement.

(D)   **General Release by Named Plaintiff.** In addition to the waiver and release contained in Sections 4.1(A)-(B) above, and in consideration for the payment of the General Release Payment to the Named Plaintiff as set forth in Section 3.2(C), Named Plaintiff, Named Plaintiff's heirs, executors, administrators, successors and assigns, voluntarily release and forever discharge Defendants from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Defendants as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, the United States Constitution, the New York Constitution, Title VII of the Civil Rights Act of1964, 42 U.S.C. § 2000e et seq.; the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e(k); the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991); 42 U.S.C. §1981; the National Labor Relations Act, 29 U.S.C. § 151 et seq.; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; the New York State Human Rights Law, N.Y. Executive Law § 290 et seq.; the New York City Human Rights Law, New York City Charter and Administrative Code; Title VIII, § 8-107 et seq.; the New York Civil Rights Law, N.Y. Civil Rights Law § 79-e et seq.; the New York Workers' Compensation Law, N.Y. Workers' Compensation Law § 1 et seq.; the New York Unemployment Insurance Law, N.Y. Labor § 510 et seq.; under any and all other federal, state and local equal employment, fair employment and civil or human rights laws (whether statutory, regulatory or decisional); under the statutory, regulatory or common law of any jurisdiction, including, but not limited to, any and all tort claims (*e.g.*, assault; battery; false imprisonment; defamation; intentional infliction of emotional distress; negligent infliction of emotional distress; wrongful termination; negligent hiring, supervision and/or retention; conversion; interference with contract; abusive discharge; and/or loss of consortium, companionship, services or society, etc.), any and all contract claims (*e.g.*, breach of contract, fraud, and/or breach of covenant of good faith and fair dealing) and under any and all applicable federal, state and local laws, including any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Defendants, based upon any conduct occurring up to and including the date Named Plaintiff (or his counsel on his behalf) executes this Agreement.

(E)   **No Assignment.** Class Counsel and Named Plaintiff, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

(F)   **Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Named Plaintiff. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (i) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; and (ii) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

## 5.   INTERPRETATION AND ENFORCEMENT

**5.1   Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2   Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**5.3   Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Named Plaintiff, her representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**5.4   Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**5.5   Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.6   Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this

Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**5.7    Blue Penciling.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**5.8    Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**5.9    Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.10    When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution and final approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**5.11    Binding Authority of Counsel.** Counsel hereby represent that they are fully authorized to bind the parties they represent to the terms and conditions hereof and that they have retainer agreements and/or authorizations to execute this Agreement on their behalf.

**5.12    Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

**5.13    Facsimile and Email Signatures.** Any party may execute this Agreement by causing its counsel to sign on such party's behalf on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**5.14    CAFA Notice.** Notice under the Class Action Fairness Act ("CAFA") is not required, pursuant to 28 USC 1332(d)(5)(B), as Defendants' Class List contains less than 100 individuals.

**WE AGREE TO THESE TERMS,**

**On behalf of Named Plaintiff,**
**FLSA Collective Members**
**and Class Members:**

By: _____

      C.K. Lee, Esq.
      Lee Litigation Group, PLLC
      148 West 24th Street, 8th Floor
      New York, New York 10011

Dated: _____5·6·22_____


**On behalf of Defendants:**

By: _____

      Eve I. Klein, Esq.
      Duane Morris LLP
      1540 Broadway
      New York, NY 10036

Dated: 05/06/2022 _____

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DANIEL D'ANGELO, *on behalf of himself, FLSA*
*Collective Plaintiffs, and the Class,*

                               Plaintiff,

  – against –

HUNTER BUSINESS SCHOOL, INC.,
and JAY FUND
                        Defendants.

Case No.: 2:21-cv-03334

---

**If you were employed by HUNTER BUSINESS SCHOOL, INC. as a career service advisor, financial aid counselor, admissions representative or administrative staff (comprised of secretaries, receptionists and COVID testers), employed by Defendants at any time from June 14, 2015 through November 30, 2021, please read this Notice.**

DATED:      [_____], 2022

## <u>PLEASE READ THIS NOTICE CAREFULLY</u>

**This Notice relates to a proposed settlement of a class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement or elect not to be included in the class.**

<u>Introduction</u>

Daniel D'Angelo (the "Named Plaintiff") filed a lawsuit against Defendants for allegedly unpaid wages and other claimed damages. The Court in charge of this case is the United States District Court for the Eastern District of New York. The lawsuit is known as *D'Angelo v. Hunter Business School, Inc. et al.*, Case No. 2:21-cv-03334 ("Action" or "Litigation"). Named Plaintiff alleges in the lawsuit that, among other things, Defendants failed to pay him and others similarly situated the proper wages for all overtime hours worked, and failed to provide proper wage statements and wage notices in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defendants deny the Named Plaintiff's allegations. Defendants claim they have properly paid all of their employees, and Defendants deny that the Named Plaintiff and the Class are owed any compensation in addition to what they were already paid.

Although Defendants deny that they are liable or owe damages to anyone, Defendants have concluded that it is in their business interests to resolve Named Plaintiff's claims on behalf of himself and other employees in order to avoid further burdensome and protracted litigation. Accordingly, Named Plaintiff and Defendants have agreed to settle the Action. Defendants have agreed to pay up to $450,000 to cover the claims of all of the employees who qualify, including

1

expenses such as attorneys' fees. The Court has not decided in favor or against the Defendants. No finding on the merits has been made by the Court. Your legal rights may be affected by this Action, and you now have a choice to make. Your rights and options are summarized below and fully explained in this Notice.

Based on the Settlement Administrator's calculation, an approved Class Member will receive approximately $[_____] for each week worked during the relevant statutory period. If you would like to know how many weeks you were employed based on Defendants' records, a copy of the settlement agreement, or the amount estimated to be payable to you under the class settlement, please contact the Settlement Administrator, Advanced Litigation Strategies LLC, telephone (212) 465-1180 or e-mail admin@advancedlitigation.org.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you choose to participate in the settlement, you do not have to do anything at this time. Once the settlement is approved by the Court, you will receive your allocated settlement amount in the mail by check. |
| **EXCLUDE YOURSELF ("OPT OUT")** | If you wish to exclude yourself ("opt out") from the lawsuit you must follow the directions outlined in response to question 7 below. |
| **OBJECT** | If you wish to object to the settlement, you may write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Labor Law, unless you submit a valid and timely opt-out form. You will not be bound by the settlement if you opt out of this Action as described herein. If you object, you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

### 1. Why did I receive this notice?

You have received this notice because Defendants' records show that you worked as a career service advisor, financial aid counselor, admissions representative and administrative staff (comprised of secretaries, receptionists and COVID testers), employed by Defendants at any time from June 14, 2015 through November 30, 2021 ("Class Period").

### 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have allegedly similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Gary R. Brown, United States District Judge of the United States District Court for the Eastern District of New York, is presiding over this class action

at this time. Judge Brown has not made any determination about who is right or wrong in this lawsuit.

## 3. Why is there a settlement?

Class Counsel analyzed and evaluated the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiffs and a sample of the potential Class Members and evaluated Defendants' ability to pay a judgment. Based upon Class Counsel's analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs and the Class Members. Your estimated portion of the settlement will be based on the number of weeks you worked during the Class Period, after all attorneys' fees, costs, service award and general release payment, applicable taxes, and administration fees have been paid. If you would like to know how many weeks you were employed based on Defendants' records, or the amount estimated to be payable to you under the class settlement, please contact the Settlement Administrator, Advanced Litigation Strategies LLC, telephone (212) 465-1180 or e-mail admin@advancedlitigation.org.

## 4. Payment to Class

If you do nothing, you will automatically be deemed to be part of the class settlement. You will be allocated a proportionate share of the settlement amount based on a Court-approved formula taking into account weeks you worked for Defendants during the period from June 14, 2015 through November 30, 2021. Based on the Settlement Administrator's calculation, a Class Member who does not opt-out will receive approximately $[___] for each week worked during the relevant statutory period, provided that each Class Member who does not opt-out shall receive a minimum of $1,000. If you would like information about the amount of your individual settlement payment, please contact the Settlement Administrator, Advanced Litigation Strategies LLC, telephone (212) 465-1180 or e-mail admin@advancedlitigation.org.

Any uncashed checks, 90 days after mailing, will be allocated as a *cy pres* donation to a non-profit organization, Shield. Org, as selected by Class Counsel.

## 5. Payment to Class Representative

The settlement proposes that named Plaintiff Daniel D'Angelo who took a lead role in this litigation and assisted in its resolution will receive a service payment of $10,000, as compensation for taking a leading role in this litigation and his significant involvement and time in the litigation for the benefit of the Class Members; plus an additional payment of $15,000, in exchange for named Plaintiff's general release of all claims.

## 6. Procedures

If you do nothing, you will automatically participate in the class settlement. If you want to exclude yourself, please refer to Paragraph 7 below.

If the Court grants final approval of the settlement, this action will end, and Class Members who do not opt out will release the Hunter Business School, Jay Fund, and the Released Entities, as that term is defined in Section 1.27 of the settlement agreement, through November 30, 2021, from all claims asserted in the Complaint as described below. This means that you cannot sue, continue to sue, or be party to any other lawsuit against Released Entities regarding the claims brought in this Action, although you may still retain certain federal claims. It also means that all of the Court's orders will apply to you and legally bind you.

The release in the Settlement Agreement provides that:

**(i)     With respect to claims under New York State law, you are releasing all of your wage and hour claims that could have been asserted against Released Entities, through November 30, 2021; and**

**(ii)    With respect to claims under federal law, you are releasing all of your wage and hour claims that could have been asserted against Released Entities, through November 30, 2021.**

**By failing to opt out of this lawsuit, you will automatically be part of the class settlement for the New York State law claims. By endorsing and depositing a settlement check, you will automatically be part of the collective class settlement for the federal law claims, and you will release the Releasees of any federal wage and hour claims you may have against them.**

## 7. How do I exclude myself from the settlement?

If you do not want to participate in the class settlement, you must take steps to exclude yourself from this case.

If you want to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the Hunter Business School wage and hour settlement" and include your name, address, and telephone number ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by [60 days after the initial mailing date].

*Hunter Business School Settlement Claims Administrator*
c/o Advanced Litigation Strategies LLC
148 West 24th Street, 8th Floor
New York, NY 10011
admin@advancedlitigation.org
Tel: (212) 465-1180
Fax: (212) 465-1181

If you exclude yourself from the lawsuit and settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

## 8. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?

No. By participating in the settlement, you give up any rights to sue Defendants and the Released Entities under federal and state law with regard to the claims brought in this Action or which could have been brought in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. If you would like a copy of the settlement agreement, please contact Advanced Litigation Strategies LLC at (212) 465-1180. Remember, the exclusion deadline is [60 days after the initial mailing date].

## 9. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit. But you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

## 10. Do I have a lawyer in this case?

The law firm of Lee Litigation Group, PLLC, 148 West 24th Street, 8th Floor, New York, NY 10011, has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 11. How will the service providers be paid?

Class Counsel will ask the Court to approve payment of $150,000 (1/3 of the Gross Settlement Fund established by Defendants) to them for attorneys' fees, plus Class Counsel's actual costs and expenses. The fees would pay Class Counsel for all work that they have performed in this action including investigating the facts, preparing and filing the complaint, engaging in discovery, attending court conferences, preparing for and attending private mediation, and negotiating and overseeing the settlement.

The Court has approved payment of $25,000 as fees to Advanced Litigation Strategies LLC to administer the settlement. The settlement administration fees will be paid by Defendants from the Gross Settlement Fund.

## 12. How do I tell the Court that I don't like the settlement?

Unless you have submitted a valid and timely Opt-out Statement, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law. To object, you must send a statement saying that you object to the Hunter Business School wage and hour settlement. Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, and telephone number.

If you wish to present your objection at the Fairness Hearing described below, you must state your intention to do so in your written objection. You statement should be as detailed as possible. Otherwise, the Court may not allow you to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection. Mail the objection to the Settlement Administrator via First-Class United States Mail to the address below. Your objection will not be heard, unless it is mailed to the Settlement Administrator via First Class United States Mail and post-marked by [60 days after the initial mailing date].

*Hunter Business School Settlement Claims Administrator*
c/o Advanced Litigation Strategies LLC
148 West 24th Street, 8th Floor
New York, NY 10011
admin@advancedlitigation.org
Tel: (212) 465-1180
Fax: (212) 465-1181

The Settlement Administrator will share your objection with Class Counsel and Defendants' Counsel, and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

## 13. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you are not allowed to object because the Action and the settlement no longer affect you.

The Court will hold a hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the Fairness Hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the Fairness Hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the Fairness Hearing.

## 14. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at [_____]. on [_____], 100 Federal Plaza, Central Islip, NY 11722-9014, Courtroom 940, before District Judge Brown.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge will listen to people

who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

| 15.  Are there more details about the settlement? |
| --- |

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator, or Class Counsel at the address and telephone number below.

C.K. Lee
Lee Litigation Group PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
cklee@leelitigation.com
Mobile: (646) 354-9110